**RUBIN v. STATE et al.**

No. 9854.

Court of Civil Appeals of Texas. Austin.

Feb. 15, 1950.

Rehearing Denied March 1, 1950.

Simpson, Clayton & Fullingim, Cleo G. Clayton, Jr., of Amarillo, for appellant.

Price Daniel, Attorney General of Texas, and Chas. Atkinson, Assistant Attorney General, both of Austin, for appellees.

HUGHES, Justice.

The State of Texas sued appellant, Dave Rubin, to recover contributions and penalties under the Texas Unemployment Compensation Act. Art. 5221b—1 et seq., Vernon's Ann.Civ.St.

The State recovered judgment for the amount sued for in a trial before the court.

We quote the following findings of the trial court which are material to a decision of the questions presented:

"1. Mr. Louis Feldman, an individual, did business in Texas under the trade name of Lubbock Iron and Metal Company, and he employed, during the year 1937, eight or more persons in one day of each of twenty weeks within that year.

"2. Mr. Louis Feldman died on October 13, 1940.

"3. Mrs. Jennie Feldman, Louis Feldman's widow, was administratrix of his estate.

"4. On October 13, 1940, Mrs. Jennie Feldman acquired the organization, trade, or business and substantially all of the assets of the said business of Mr. Louis Feldman in her capacity as administratrix of the estate of Louis Feldman. Mrs. Jennie Feldman, as administratrix, operated the said business in her capacity as administratrix until the sale of the business to Mr. Rubin.

"5. On February 13, 1943, Mrs. Jennie Feldman, in her capacity as administratrix and with the approval of the probate court of Lubbock County, sold for a consideration of $15,000 the organization, trade, or business and substantially all of the assets of said business to Mr. Dave Rubin, the defendant in this case.

"6. Mr. Rubin executed and signed the Texas Employment Commission's forms T. U. C. C. No. 1, 'Employer's Report of Status' wherein Mr. Rubin stated that he acquired the organization, trade, or business and substantially all the assets of the Lubbock Iron and Metal Company from Mrs. Louis Feldman. Mr. Rubin also signed the official contribution reports to the Commission showing wages paid to persons in the employment of the Lubbock Iron and Metal Company. These reports were signed 'Dave Rubin owner.'"

None of the above fact findings are challenged by appellant except No. 5. This, he claims, is in defiance of the uncontradicted testimony of appellant, the only trial witness, the substance of which is that while he was engaged to marry Mrs. Feldman he took title to this junk and pipe company as a convenience and in order to help her dispose of it more advantageously; that he paid no consideration for the transfer, never exercised any control over the business, received none of its profits and none of the proceeds from its subsequent sale.

The legal effect of this evidence, appellant says, is that he held only the naked

legal title to this business in trust for Mrs. Feldman and that under the Unemployment Compensation Act he is not liable for the contributions and penalties for which suit is brought.

We are unable to agree with appellant either that the challenged finding is without support in the evidence, or that one who has acquired the legal title, as distinguished from the equitable title, of any organization, trade or business is not, by reason of such fact, an "employer" within the meaning of Art. 5221b—17(f) (2). This section reads:

" 'Employer' means * * *

"Any individual or employing unit which acquired the organization, trade, or business, or substantially all of the assets thereof, of another which at the time of such acquisition was an employer subject to this Act."

Relying upon the dictionary definition of "acquire" as "to get as one's own; gain, attain, procure, earn," appellant argues that by acquiring the legal title only to a business one does not "acquire" the business. The trouble we find with this argument here is that it overlooks the statutory definition of "employing unit" as contained in Art. 5221b—17(e), in part, as follows: " 'Employing unit' means any individual or type of organization, including any * * * trust * * * or the * * * trustee or successor thereof * *."

Substituting this meaning of "employing unit" in (f) (2), copied above, appellant would clearly be an "employer" even though he is a mere trustee of a trust.

Considering that appellant was a most interested witness in his own behalf, we are of the opinion that the recitals contained in the probate proceedings relative to the purchase of this business by appellant and the admissions made by him in the documents referred to in finding (6), above, are, in law, sufficient evidence to support the finding of the trial court that appellant bought full title to the Lubbock Iron and Metal Company.

These conclusions require affirmance of the judgment of the trial court.

Affirmed.